JASMINE, J.,
dissents with reasons.
hi respectfully dissent from the majority’s holding to affirm this conviction. At trial, the interrogating officer, Detective Synigal, testified that she went through the waiver of rights form with the juvenile defendant and explicitly stated that he would be allowed to confer with his mother before deciding whether to answer any questions. It is undisputed, however, that the defendant was not allowed to consult with his mother, or any other concerned adult, prior to answering the officer’s questions and giving a statement implicating himself in this crime. It is axiomatic in our law that in order for a confession to be admitted into evidence, it must be affirmatively shown that said confession was given free and voluntary. LSA-R.S. 15:451. Given the clear testimony that the defendant was misled by being told he would be allowed to confer with his mother before giving a statement and the defendant gave a statement without being allowed to confer with his mother, it was not shown that this statement was free and voluntary. For this reason, I find the trial court erred in denying the defendant’s motion to suppress this statement.
While I am aware that this Court denied the defendant’s writ from the trial court’s denial of the motion to suppress, as stated by the majority, “the denial of a superviso *1076 ry writ application does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion.” Accordingly, I would vacate the ruling denying the | ^defendant's motion to suppress, vacate the conviction, and remand for a new trial.